IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONNIE D. REDDEN,**

    **Plaintiff,**

**v.**                                                 Civil Action No. 1:18cv187

**JEFF SANDY, Dep't. Military
Affairs; BETSY JIVIDEN, Commissioner,
Dep't. of Corrections; MICHAEL MARTIN,
Warden; WEXFORD (MEDICAL) HEALTH
SOURCES, INC., Pitt., PA; KEVIN C.
HALLORAN; G. NORMAN MCCANN; DINA PAUL,
M.D.; DAVID PROCTOR, D.O.; and
KIMBERLY PATON, Health Administrator,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87],
OVERRULING RESPONSE TO REPORT AND RECOMMENDATION
[DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOs. 34,
50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17],
AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

---

    Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi [Dkt. No. 87]. The R&R recommends that the Court grant the Motions to Dismiss [Dkt. Nos. 34, 50, 58, 62, and 73] and the Motion to Strike [Dkt. No. 84]. It also recommends that the Court dismiss the Amended Complaint [Dkt. No. 17] in part with prejudice and in part without prejudice. For reasons the discussed below, the Court adopts the R&R.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

## I.     BACKGROUND

On October 3, 2018, Plaintiff Ronnie D. Redden ("Redden"), filed a pro se Complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Jeff Sandy, Department of Military Affairs; Betsy Jividen, Commissioner, Department of Corrections; Michael Martin, Warden; Wexford (Medical) Health Sources, Inc.; Kevin C. Halloran; G. Norman McCann; Dina Paul M.D.; David Proctor, D.O.; and Kimberly Paton, Health Administrator [Dkt. No. 1]. Plaintiff is proceeding in forma pauperis without prepaying the administrative costs of proceeding with his case in federal court [Dkt. Nos. 2, 3, 4, and 11].

Plaintiff filed a motion to file additional grounds and issues, which was construed as a motion to amend the complaint and granted by October 30, 2018, order [Dkt. Nos. 14 and 15]. On November 13, 2018, Plaintiff filed an Amended Complaint together with four motions: to file "extended papers;" for an injunction; for appointed counsel; and a motion to seal a witness list [Dkt. Nos. 17, 18, 19, 20, and 21]. All motions except for the request for an injunction were addressed by separate orders entered on November 15, 2018 [Dkt. Nos. 22, 23, and 24]. Plaintiff also filed a motion to compel a ruling [Dkt. No. 28] on April 9, 2019. An order was entered on April 10, 2019, construing Plaintiff's motion

**REDDEN V. SANDY, ET AL.                           CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

for injunction [Dkt. No. 19] and motion to compel a ruling [Dkt. No. 28] as motions for expedited review and denying both as premature [Dkt. No. 29].

On May 3, 2019, a Motion to Dismiss and supporting memorandum [Dkt. Nos. 34, 35] was filed by Defendants G. Norman McCann ("McCann"), Kimberly Paton ("Paton"), and Wexford (Medical) Health Sources, Inc. ("Wexford"). A Roseboro Notice was issued to pro se Plaintiff on May 7, 2019 [Dkt. No. 39]. Defendants Betsy Jividen ("Jividen"), Michael Martin ("Martin"), and Jeff Sandy ("Sandy") filed a Motion to Dismiss and supporting memorandum [Dkt. Nos. 50, 51]. Another Roseboro Notice was issued to Plaintiff on May 13, 2019 [Dkt. NO. 56]. Defendant David Proctor D.O. ("Proctor") filed a Motion to Dismiss and memorandum in support on May 14, 2019 [Dkt. Nos. 58, 59]. A third Roseboro Notice was issued to Plaintiff [DKt. No. 60]. On May 16, 2019, Defendant Dina Paul M.D. ("Paul") filed a Motion to Dismiss and supporting memorandum [Dkt. Nos. 62, 63], and another Roseboro Notice was issued to Plaintiff on May 20, 2019 [Dkt. No. 66].

Pro se Plaintiff filed four responses in opposition to the motions to dismiss [Dkt. Nos. 69, 70, 71, and 72]. Defendant Kevin C. Halloran ("Halloran") filed a Motion to Dismiss with supporting memorandum on May 30, 2019 [Dkt. Nos. 73 and 74]. A fifth Roseboro

**REDDEN V. SANDY, ET AL.**            CIV. ACT. NO. 1:18CV187

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

Notice was issued to Plaintiff on June 4, 2019 [Dkt. No. 75]. On June 11, 2019, Plaintiff filed a response in opposition to Halloran's dispositive motion [Dkt. No. 81], and Halloran filed a reply thereafter [Dkt. No. 82]. Defendants Wexford, McCann, Paul, Proctor, and Paton filed a reply to Plaintiff's responses on June 11, 2019 [Dkt. Nos. 80]. Plaintiff filed a response in opposition to that reply on June 20, 2019 [Dkt. No. 83], and these Defendants moved to strike the response to their replies [Dkt. No. 84].

Plaintiff filed a lengthy document titled "to whom it may concern, July 30, 2018," that details a list of state and federal authorities that he contends he has reported his claims to over the years dating back to 2004; providing a chronology of events dating back to January 8, 2004; and attaching excerpts from his medical records [Dkt. No. 85]. On November 22, 2019, Plaintiff filed a "Notice" related to Hepatitis C treatment ("HCV") being covered by Medicaid [Dkt. No. 86].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the matter to the United States Magistrate Judge for initial review. On February 5, 2020, Magistrate Judge Michael J. Aloi issued his R&R in which he recommended that the Court grant Defendants' motions to dismiss, and grant the motion to strike filed by Defendants Wexford, Halloran, McCann, Paul, Proctor, and

**REDDEN V. SANDY, ET AL.**            **CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

Paton [Dkt. No. 87]. The R&R recommended that the claims in the Amended Complaint [Dkt. No. 17] be dismissed with prejudice, with the exception of Plaintiff's claim for medical negligence [Dkt. No. 87 at 47-48]. The R&R recommended that the medical negligence claim be dismissed without prejudice [Id. at 48]. The R&R explained that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, any party "shall have fourteen days from the date of service of the Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Id. at 48]. It further warned that a failure to file written objections as directed "shall constitute a waiver of de novo review" by the Court and a "waiver of appellate review by the Circuit Court of Appeals" [Id.].

## II. DISCUSSION

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing

**REDDEN V. SANDY, ET AL.**  CIV. ACT. NO. 1:18CV187

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S.Ct. 3032 (2007). The court explained that "[t]o conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report." Id. This would result in wasted judicial resources and "the district court's effectiveness based on help from magistrate judges would be undermined." Id.

"General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BMX Technologies, Inc., 742 F.Supp.2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). A plaintiff who reiterates his previously raised arguments will

**REDDEN V. SANDY, ET AL.                    CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

not be given "the second bite at the apple []he seeks." Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D. Va. 2008).

As found by the magistrate judge, the Amended Complaint, when clarified, raises three claims: an Eighth Amendment claim arising from the alleged denial of the proper treatment and "cure" for his Hepatitis C ("HCV"), that being the drug "Harvoni"; a First Amendment retaliation claim; and a medical negligence claim [Dkt. No. 87 at 5]. Plaintiff contends that the Defendants were deliberately indifferent to his serious medical needs and caused prolonged exposure to HCV because they will not treat his condition with Harvoni, a prescription medication and "cure" for HCV. Rather, doctors and medical personnel at the West Virginia Department of Corrections ("WVDOC") facilities in which he has been incarcerated treat his condition with medical monitoring via blood tests and tell him to watch what he eats, while not providing a special diet for inmates with HCV. He also claims that he has been denied Direct-Acting Antiviral Drug ("DAA") treatment while incarcerated. For his retaliation claim, Plaintiff alleges that he has been moved between different WVDOC facilities in an alleged attempt by Defendants to delay his lawsuit(s)[1] and cause further

---

[1] Pro se Plaintiff has litigated multiple suits in addition to this matter: Redden v. Warden, Mount Olive Corr. Complex, Civ. Act. No.: 5:05-cv-389, 2007 U.S. Dist. LEXIS 18323, Johnston, T.E. (S.D. W.Va. Mar. 14, 2007); Redden v.

7

**REDDEN V. SANDY, ET AL.                                   CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

damage to his health. His claim for medical negligence alleges that Wexford Defendants fail to use the latest guidelines to treat inmates with HCV. He also claims that Defendant Proctor kept improper records of Plaintiff's care.

After a thorough analysis of the circumstances presented and the applicable law, the magistrate judge found that most aspects of Plaintiff's deliberate indifference claim are barred by res judicata due to his prior litigation in the United States District Court for the Southern District of West Virginia, in Redden v. Ballard, et al., Civ. Act. No.: 2:17-cv-1549 ("Redden I") [Dkt. No. 87 at 24-26, 33-34]. Of those claims that are not readily barred by res judicata, the magistrate judge concluded that Plaintiff did not state a claim for deliberate indifference to his serious medical needs under Section 1983 for a failure to prescribe Harvoni for HCV because Plaintiff's records show that he has been encouraged to seek care in the event his condition worsens and he has not been hindered from obtaining medical care [Id. at 39-41].

The magistrate judge likewise recommended dismissal of

---

McBride, Civ. Act. No.: 1:05-cv-1147, United States District Court, Southern District of West Virginia; Redden v. Ballard, et al., Civ. Act. No.: 2:17-cv-1549, United States District Court, Southern District of West Virginia; Redden v. Martin, et al., Civ. Act. No.: 1:18-cv-749, United States District Court, Southern District of West Virginia; and Redden v. Martin, et al., Civ. Act. No.: 1:18-cv-751, United States District Court, Southern District of West Virginia.

**REDDEN V. SANDY, ET AL.                         CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

Plaintiff's claim for retaliation based on the assertion that WVDOC Defendants transferred him from Mount Olive Correctional Complex ("MOCC") to Huttonsville Correctional Complex ("HCC") to deliberately impede the progress of his lawsuits [Dkt. No. 87 at 43]. There is no support for this conclusory allegation [Id. at 44-45]. Finally, the magistrate judge concluded that Plaintiff's claim for medical negligence should be dismissed because it is not cognizable under the Eighth Amendment [Id. at 46]. Even if cognizable under Section 1983, Plaintiff has failed to comply with West Virginia Code § 55-7B-3 and § 55-7B-6, which are prerequisites for a medical negligence claim [Id. at 46-47].

As stated in the R&R, the parties had fourteen (14) days from service of the R&R by which to file objections [Dkt. No. 87 at 48]. Pro se Plaintiff received the R&R on February 7, 2020 [Dkt. No. 88], and specific objections were due on February 21, 2020. Plaintiff filed objections on February 26, 2020 [Dkt. No. 89]. In addition to being untimely, Plaintiff's objections fail to directly address the R&R's recommendations regarding the claims for Eighth Amendment deliberate indifference, retaliation, and medical negligence. Rather, the objections repeat allegations in the Amended Complaint, contain conclusory statements, and request that this Court review the dismissal of a separate action by the

**REDDEN V. SANDY, ET AL.**                   CIV. ACT. NO. 1:18CV187

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

---

Court of Appeals for the Fourth Circuit [Id.]. As such, the Court is not required to provide a review of the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 150 (1985). Nevertheless, the Court has reviewed the R&R and finds it thorough, well-reasoned, and without clear error.

### III. Conclusion

Therefore, the Court:

1) **ADOPTS** the R&R in its entirety [Dkt. No. 87];

2) **GRANTS** the Motion to Dismiss of Defendants McCann, Paton, and Wexford [Dkt. No. 34];

3) **GRANTS** the Motion to Dismiss of Defendant Jividen, Martin, and Sandy [Dkt. NO. 50];

4) **GRANTS** the Motion to Dismiss of Defendant Proctor [Dkt. No. 58];

5) **GRANTS** the Motion to Dismiss of Defendant Paul [Dkt. No. 62];

6) **GRANTS** the Motion to Dismiss of Halloran [Dkt. No. 73];

7) **GRANTS** the Motion to Strike of Defendants Wexford, Halloran, McCann, Paul, Proctor, and Paton [Dkt. No. 84];

8) **DISMISSES WITH PREJUDICE** all claims subject to res judicata, as set forth in the R&R, and the deliberate indifference and retaliation claims in the Amended Complaint [Dkt. No. 17];

9) **DISMISSES WITHOUT PREJUDICE** the medical negligence claim in

**REDDEN V. SANDY, ET AL.**                      **CIV. ACT. NO. 1:18CV187**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 87], OVERRULING RESPONSE TO REPORT AND RECOMMENDATION [DKT. NO. 89], GRANTING MOTIONS TO DISMISS [DKT. NOS. 34, 50, 58, 62, AND 73], DISMISSING AMENDED COMPLAINT [DKT. NO. 17], AND GRANTING MOTION TO STRIKE [DKT. NO. 84]**

the Amended Complaint [Dkt. No. 17]; and

10)     **OVERRRULES** the response and objection filed by pro se Plaintiff [Dkt. No. 89].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to mail a copy of this Order to the pro se Plaintiff, certified mail, return receipt requested, and to transmit a copy of this Order to counsel of record.

**DATED:** March 20, 2020

                                     */s/* Thomas S. Kleeh
                                       THOMAS S. KLEEH
                                       UNITED STATES DISTRICT JUDGE